NO. 07-08-0328-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 22, 2008

_____

IN THE INTEREST OF J.R.U. AND C.L.U., CHILDREN

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 65,381-D; HONORABLE DON EMERSON, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Heath Upshaw, filed a pro se notice of appeal challenging the trial court's order modifying and clarifying the parent-child relationship. Because Upshaw's notice of appeal was untimely filed, we dismiss for want of jurisdiction.

The timely filing of a notice of appeal is jurisdictional. *See* Tex. R. App. P. 25.1(b). A notice of appeal must be filed within thirty days after an appealable order is signed. *See* Tex. R. App. P. 26.1. When a party files a notice of appeal with the trial court within fifteen

days after the deadline for filing the notice, and files in the appellate court a motion complying with Rule 10.5(b), including a recitation of the facts relied on to reasonably explain the need for an extension, the appellate court may extend the time to file the notice of appeal. *See* Tex. R. App. P. 26.3. The Supreme Court has held that the motion for extension of time is necessarily implied when an appellant, acting in good faith, takes the necessary steps to perfect an appeal. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997). Nevertheless, it is still necessary for an appellant to provide this Court with a "reasonable explanation" for the need for an extension. *See Jones v. City of Houston,* 976 S.W.2d 676, 677 (Tex. 1998).

In this case, the trial court's order was signed on July 2, 2008, making the notice of appeal due no later than August 1, 2008. Upshaw filed his notice of appeal on August 5, 2008. Even though Upshaw's notice of appeal was not timely filed, because it was filed within the fifteen days of its original due date, we implied the filing of a motion for extension of time to file notice of appeal. By letter dated September 17, 2008, this Court requested Upshaw to provide a reasonable explanation, in writing, on or before October 10, 2008, as to why an extension of time was necessary. At the same time, we further admonished Upshaw that failure to do so might result in dismissal of his appeal. *See* Tex. R. App. P. 42.3. Having been provided a reasonable opportunity to do so, Upshaw has failed to comply with our request or otherwise provide a reasonable explanation for the need for an extension.

Consequently, this appeal is dismissed for want of jurisdiction.  Our disposition renders moot an extension of time filed by the court reporter in which to file the reporter's record.

Patrick A. Pirtle
Justice